IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRIS ANN JAYE,

      Plaintiff,

v.                                                        CASE NO. 1:22-cv-113-MW-GRJ

UNITED STATES OF AMERICA,
et al.,

      Defendants.

_____/

## **REPORT AND RECOMMENDATON**

      Plaintiff, proceeding *pro se*, initiated this action on May 20, 2022, by filing a complaint and an "Emergent Motion for Writ to Enjoin State and County Actors and Stay All State Actions Per the All Writs Act" (hereinafter, "Emergent Motion"). ECF Nos. 1, 2. Plaintiff did not pay the filing fee or file a motion for leave to proceed *in forma pauperis*. The Court, however, invokes its inherent authority to control its docket in order to screen the complaint to determine whether the action is frivolous or malicious. Plaintiff's complaint is deficient for several reasons. Preliminarily, however, this action is duplicative of a pending action in the District of New Jersey; Plaintiff did not file the action in a proper venue; at least some of the issues in the complaint have been decided on the merits; and the Eleventh Circuit

1

already has denied a version of Plaintiff's Emergent Motion.  Accordingly,
the Court concludes that the complaint is due to be **DISMISSED** and the
Emergent Motion is due to be **TERMINATED**.

## I.  BACKGROUND

Plaintiff's complaint names approximately 163 defendants, plus 100
Doe defendants.  *See* ECF No. 1.  Among the named defendants are
federal officials and judges, state officials and judges, county officials,
lawyers and law firms, other business entities, a homeowner's association,
and private individuals.  *Id*. at 6–11.  Plaintiff alleges a constellation of vast,
overlapping conspiracies among the defendants to deny Plaintiff her First
Amendment rights, both in terms of speech and access to the courts.  *Id*. at
11–12.  The causes of action, as styled by Plaintiff, are brought under 42
U.S.C. §§ 1983–1988; the New Jersey Civil Rights Act; Racketeer
Influenced and Corrupt Organizations Act; common law malicious abuse of
process; common law fraudulent concealment; the Fair Debt Collections
Practices Act; False Claims Act; Civil Rights Act of 1964; and Emergent
Relief per the All Writs Act.  *Id*. at 12–17.

Plaintiff's complaint includes a "Certification," citing "R. 11.1."  ECF
No. 1 at 17–18.  Plaintiff certifies, in part, that:

The matter in controversy in this Complaint is tied to subject matter in many other courts, including, but not limited to, 14-7471, 15-8324, 15-5303, 16-7771, 17-5257, 2:21-1566 (transferred docket), 1:21-11546 (transferred docket), 3:21-13126 (transferred docket), 1:20-0086 in the US District Court of New Jersey, 19-cv-121 in the US District Court of Iowa, Northern District (illegally dismissed), 4:20-321 in the US District Court of Southern Georgia (illegally dismissed, including ECF 5 under seal against United States), 1:18-1200 in the US Court of Federal Claims (illegally dismissed), another case allowed to proceed in the US Court of Federal Claims (along with numerous appeals and ***petitions to the US Supreme Court***) and [ ] countless state cases in the State of New Jersey.

Petitioner has filed a motion for leave to file an original jurisdiction suit against the State of New Jersey with the Supreme Court of the United States as well . . . .

*Id*. (emphasis in original).

Attached to Plaintiff's complaint is a *qui tam* action that names as defendants the U.S. Attorney General, the Judiciary, and the Federal Bureau of Investigations.  ECF No. 1-1.  There is also a letter addressed to the Chief Judge of the Northern District of Florida.  ECF No. 1-3.  Finally, Plaintiff includes a checklist of items directed to the Court with her complaint.  Plaintiff represents that the filing fee was included; however, no filing fee was received.  ECF No. 1-2.

3

Plaintiff's Emergent Motion requests "a writ to stay state actions." ECF No. 2 at 1–2. Those state actions concern a writ of possession issued as part of a real property action concerning Plaintiff's primary home in New Jersey. *Id*. Plaintiff cites the All Writs Act, 28 U.S.C. § 1651; *Ex parte Young,* 209 U.S. 123, 161 (1908); and *Marbury v. Madison*, 5 U.S. 137 (1803), in support of her request.

## II. LEGAL FRAMEWORK

The Supreme Court has held that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (discussing a district court's "inherent authority to control its docket and ensure the prompt resolution of lawsuits"). A district court's "power to control its docket" includes the power to dismiss a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983).

While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011), such pleadings nonetheless are required to conform to procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Johnson v.*

4

*Specialized Loan Servicing, LLC*, No. 21-12327, 2022 WL 320854 (11th Cir. Feb. 3, 2022).  A court does not have "license . . . to rewrite an otherwise deficient [*pro se*] pleading in order to sustain an action."  *GJR Investments v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## III.  DISCUSSION

### A.  Failure to Pay the Filing Fee or Move to Proceed *in forma pauperis*

Plaintiff did not file a motion for leave to proceed *in forma pauperis* and did not pay the filing fee.  Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed in forma pauperis [IFP]."  Nevertheless, for the reasons explained below, even if Plaintiff cured that deficiency, her action is due to be dismissed.

### B. Duplicative Actions

Plaintiff has duplicative actions pending in the District of New Jersey. As one example, Plaintiff's action here is substantially similar to an action originally filed on July 15, 2021, in the Southern District of Alabama as No. 1:21-cv-00310.  That action was transferred to the District of New Jersey, No. 2:22-cv-00035.  *See* ECF Nos. 1, 26, 29, 31 (1:21-cv-00310,

S.D. Ala.).  The case in New Jersey remains open.

      This Court has compared the complaints filed here and in No. 2:22-cv-00035 (D.N.J.).  The complaint in No. 2:22-cv-00035 has been repeated nearly verbatim in this action.  Indeed, one of the few differences seems to be that this action has been expanded from the action in New Jersey—from approximately 149 defendants to 163, and from eight causes of action to nine (of which seven are identical between the cases).

      Plaintiff also currently has at least two other open actions in the District of New Jersey, one of which was stayed to allow the Third Circuit to decide an appeal.  *See* Nos. 2:21-cv-01566 and 1:21-cv-11546 (D.N.J.).  All the parties named in those two additional actions appear to be named in this action and the causes of action are repeated in this action.  The only difference is that Plaintiff provided more details in support of her claims in the other cases.

      "It is well established that 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.' " *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (quoting *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976)).  The Eleventh Circuit has explained that "[t]his doctrine rests on considerations of wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation." *Id*. (internal quotations omitted) (quoting *Colorado River,* 424 U.S. at 817). Generally, a suit is duplicative "if the parties, issues and available relief do not significantly differ between the two actions." *Id*. "[F]ederal courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (quotations omitted).

Here, based on the Court's review of the three active cases in the District of New Jersey, the parties are the same, even if Plaintiff has since added approximately fourteen additional defendants. The issues and available relief are identical even if two of the previous cases are smaller in scope and therefore piecemeal. Viewed in totality, this later-filed action is duplicative and should be dismissed for that reason.

## C. The Decision to File in the Northern District of Florida

Plaintiff did not file this action in the correct venue. A civil action in federal court may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the

> events or omissions giving rise to the claim occurred,
> or a substantial part of property that is the subject of
> the action is situated; or
>
> (3) if there is no district in which an action may
> otherwise be brought as provided in this section, any
> judicial district in which any defendant is subject to
> the court's personal jurisdiction with respect to such
> action.

28 U.S.C. § 1391. Plaintiff resides in New Jersey, and she has not pled

facts indicating that any defendants are residents of this district. The

events giving rise to this suit did not occur here, and the underlying

property dispute resulting in the writ of possession for Plaintiff's home was

litigated in New Jersey.

Plaintiff did not have a good faith basis to file this action in the

Northern District of Florida, and she appears to be engaged in forum

shopping. Plaintiff has brought the same essential action, or piecemeal

versions of it, in districts as far flung as Iowa (1:19-cv-00121, N.D. Iowa),

Rhode Island (1:21-cv-00169, D.R.I.), and Texas (6:21-cv-00048, E.D.

Tex.). She appears to have initiated more than thirty cases in district or

circuit courts since the litigation began in 2014. During that time, Plaintiff

has been excluded from filing new suits without prior authorization in at

least two forums of which the Court is aware—the District of New Jersey

and the Court of Federal Claims.[1]  Rather than follow the process outlined

by the district court in New Jersey,[2] Plaintiff largely has sought out courts in

other districts instead.

Plaintiff states obliquely that she is forum shopping.  She avers that

she has "sought a writ to stay state actions since 2014 in numerous federal

district court[s], circuit court[s], and the US Supreme Court," for "action[s]

taking place in the State of New Jersey at the hands of the Defendants."

ECF No. 2 at 1.  Additionally, as noted in § I above, Plaintiff affirmatively

disclosed the fact that "[t]he matter in controversy in this Complaint is tied

to subject matter in many other courts . . . ."  Prior to filing this action,

Plaintiff also wrote in a separate similar case (now closed):  "Before any

---

[1]  In rejecting a new filing from Plaintiff, the Court of Federal Claims explained:

> On December 21, 2018, the Honorable Loren A. Smith issued an order directing the Clerk of Court "to accept no further filings or complaints related to the claims in the case at bar from Chris Ann Jaye without an order granting leave to file such filings from the Chief Judge of the United States Court of Federal Claims."  *See* Order, *Jaye v. United States*, No. 18-1200 (Fed. Cl. Dec. 21, 2018), ECF No. 9.  Judge Smith further ordered that, "[i]n seeking leave to file any future documents, Ms. Jaye must explain how her submission raises new matters properly before this Court."  *Id.*

ECF No. 1 (1:21-af-07021, Fed. Cl.).

[2]  *See* ECF No. 22 (3:21-cv-13126, D.N.J.) (explaining that Plaintiff has been directed to petition the district court in advance of filing a *pro se* action related to the matters already litigated; that the petition must address possible motions under Rule 12 of the Federal Rules of Civil Procedure, as well as claim and issue preclusion; and that Plaintiff must attach a copy of the pre-filing injunction to any such action.

*sua sponte* dismissal based on *forum non conveniens*, Plaintiff respectfully asks the court to consider the fact that the United States District Court of New Jersey has failed to provide any adequate remedy or proper due process for adjudication of her claims."  ECF No. 23 (1:19-cv-00121, N.D. Iowa).

Taken as a whole, the Court concludes that Plaintiff understood venue was not proper here when she filed this action.  Where venue is not proper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.  The Court further concludes that it is not in the interest of justice for this case to be transferred.  Plaintiff has not paid the filing fee, but even if she had, this case is duplicative, the preclusion doctrines are implicated, and the Eleventh Circuit has reviewed a version of Plaintiff's Emergent Motion and denied it.  Still further, many of the named defendants are immune from suit; Plaintiff's claims are conclusory and wholly insufficient; the complaint mixes unrelated events and defendants; the *Rooker-Feldman* doctrine is implicated as to certain defendants; and the statute of limitations likely bars certain claims, given the complaint's genesis in events kicking off in 2014.  Dismissal of Plaintiff's complaint is appropriate under the circumstances.  *See Young v. Sessions*, No. 18-

14330-B, 2019 WL 5445561 (11th Cir. June 3, 2019).

### D. Previous Adjudication on the Merits

The Court takes judicial notice that at least some issues raised in Plaintiff's complaint have previously been adjudicated on the merits and are therefore barred by the doctrines of res judicata and collateral estoppel. In a letter order in No. 3:21-cv-13126 (D.N.J.), the district court noted that Plaintiff was "attempt[ing] to relitigate issues that [had] already been decided." ECF No. 22 (3:21-cv-13126, D.N.J.). The district court provided citations to some of the previously adjudicated cases and observed that the instant case before it was Plaintiff's seventh in that district. *Id*. The district court identified an order to show cause it had issued, in which Plaintiff was directed specifically to "show—through a properly filed petition—that [her] Amended Complaint . . . [was] not barred by principles of claim or issue preclusion." *Id*.

Case No. 3:21-cv-13126 (D.N.J.) was dismissed on April 20, 2022, when Plaintiff failed to respond to the district court's order to show cause. *Id*. The action had been transferred to the District of New Jersey from the District of Rhode Island on June 11, 2021. ECF No. 9 (3:21-cv-13126, D.N.J.). The Amended Complaint named approximately 100 defendants (and 100 Doe defendants), all of whom appear to be named in this case,

11

and it brought six causes of action, five of which are repeated here (a claim under the Freedom of Information Act and New Jersey's Open Public Records Act is the exception).  ECF No. 6 (3:21-cv-13126, D.N.J.).

The Court outlines the similarities between the dismissed case, No. 3:21-cv-13126 (D.N.J.), and the instant complaint because the same principles barring Plaintiff's claims in that case apply with equal force here. The Court has reviewed the two cases cited in the district court's letter order as examples of previous litigation, Nos. 1:17- cv-05257 & 1:15-cv-08324 (D.N.J.).  Those cases involved subsets of the current defendants and issues.  The Court need not look for more evidence that res judicata and collateral estoppel apply to the prolix complaint here.  Based on the clear overlap between cases in Plaintiff's multitudinous litigation, Plaintiff's complaint must be dismissed because Plaintiff is seeking to relitigate certain claims and issues that have already been decided.

### E. Law of the Case Doctrine

On October 18, 2021, Plaintiff filed an appeal related to her case that originated in the Southern District of Alabama (and which was later transferred to the District of New Jersey).  *See* No. 21-90030 (11th Cir.). On November 30, 2021, Plaintiff filed a motion in her appellate case entitled "Emergent Motion for Relief and Order to Stay State Action per All

Writs Act" (hereinafter, "Emergent Motion II").  *See* Docket, No. 21-90030 (11th Cir.).  Later that same day, Plaintiff filed a supplement to her motion. *Id*.  On December 6, 2021, the Eleventh Circuit summarily denied Plaintiff's Emergent Motion II without written opinion.  *Id*.

The basis for the Eleventh Circuit's denial of Plaintiff's Emergent Motion II is unclear.  Still, absent evidence to the contrary, this Court considers the Eleventh Circuit's decision to deny the motion as the law of the case.  "Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case."  *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000).  "While the law of the case does not bar litigation of issues which might have been decided but were not, it does require a court to follow what has been decided explicitly . . . in an earlier proceeding."  *In re Just. Oaks II, Ltd.*, 898 F.2d 1544, 1550 n.3 (11th Cir. 1990).  Since this action is, in essence, the same case as that which was before the Eleventh Circuit, insofar as both Emergent Motions sought the same relief against the same defendants for the same reasons, the Court is bound by the Eleventh Circuit's decision.

## CONCLUSION

In view of the foregoing, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's Complaint, ECF No. 1, should be **DISMISSED WITH PREJUDICE** as malicious and frivolous.

2.    Plaintiff's Emergent Motion for Writ to Enjoin State, and County Actors and Stay All State Actions Per The All Writs Acts, ECF No. 3, should be **TERMINATED**.

**IN CHAMBERS** at Gainesville, Florida this 25th day of May 2022.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

14